UNITED STATES of America, Plaintiff–Appellee,

v.

Felix TRONCOSO, Defendant–Appellant.

No. 12–10237.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Dec. 19, 2012.*

Filed Dec. 31, 2012.

Merry Jean Chan, Esquire, Barbara Valliere, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Christopher Cannon, Sugarman & Cannon, San Francisco, CA, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

Felix Troncoso appeals from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether a district court has jurisdiction to modify a sentence under section 3582. *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir.2009). We affirm.

Troncoso contends that he is entitled to a sentence reduction under Amendment 750, which amended the drug quantity table in U.S.S.G. § 2D 1.1 for offenses involving crack cocaine. Troncoso is not eligible for a sentence reduction because his sentence was based on the parties' stipulation in a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), and not "on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required by section 3582(c)(2). *See Freeman v. United States*, —— U.S. ——, 131 S.Ct. 2685, 2695–96, 180 L.Ed.2d 519 (2011) (Sotoma-

yor, J., concurring and controlling). Although a Guidelines sentencing range is specified in Troncoso's plea agreement, the stipulated sentence is not within that range. Troncoso's contention that the parties nevertheless based the stipulated sentence on a Guidelines range is not supported by the plea agreement itself, which is the only place this court may look to determine the basis for the sentence imposed. *See id.* at 2697–98. We therefore conclude that the sentence is based on the parties' binding agreement, and the district court lacked jurisdiction to modify Troncoso's sentence under section 3582(c)(2). *See United States v. Austin*, 676 F.3d 924, 930 (9th Cir.2012).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.